**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4099**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM JAMES LOWERY, III,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., District Judge. (8:05-cr-00524-HMH)

───────────────

Submitted:  March 30, 2007          Decided:  July 11, 2007

───────────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Ronald R. Hall, HALL & HALL ATTORNEYS AT LAW, West Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William James Lowery, III, appeals his convictions following a jury trial for conspiracy to possess with intent to distribute five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846 (2000) ("Count One"), and possession with intent to distribute five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000) ("Count Two"). For the reasons set forth below, we affirm.

Lowery first challenges the sufficiency of the evidence underlying his conviction on Count Two. We review the denial of a motion for a directed verdict de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In evaluating the presence of substantial evidence, we "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts

proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). This court "may not weigh the evidence or review the credibility of the witnesses." <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997).

In order to establish a violation of 21 U.S.C. § 841(a)(1), the Government must prove beyond a reasonable doubt that Lowery: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. <u>Burgos</u>, 94 F.3d at 873. Possession may be actual or constructive. <u>United States v. Rusher</u>, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." <u>United States v. Schocket</u>, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive but may be joint, and "may be established by direct or circumstantial evidence." <u>Id.</u>; <u>United States v. Wright</u>, 991 F.2d 1182, 1187 (4th Cir. 1993). This court has held that "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges." <u>United States v. Laughman</u>, 618 F.2d 1067, 1077 (4th Cir. 1980) (internal quotations and citation information omitted).

Lowery maintains that the Government failed to present sufficient evidence to establish that he either constructively or actually possessed the cocaine in question. After reviewing the

evidence presented at trial in the light most favorable to the Government, we find that there was sufficient evidence on which the jury could conclude that Lowery constructively possessed the cocaine he gave Alvin Reed, one of Lowery's co-conspirators. Law enforcement officials discovered the cocaine in the trunk of the vehicle Reed was driving. Reed testified at trial that Lowery gave him the cocaine and that he (Reed) did not know the ultimate destination of the cocaine. Lowery was a passenger in the vehicle that closely trailed Reed's vehicle. While Lowery challenges Reed's veracity, we will not disturb the jury's credibility determinations. See Wilson, 118 F.3d at 234.

Lowery next raises a Fourth Amendment challenge to the traffic stop that preceded the seizure of small quantities of heroin and cocaine from the vehicle in which Lowery was a passenger. Lowery contends that, because the police officer who initiated the traffic stop lacked probable cause or reasonable, articulable suspicion to stop the vehicle, any evidence derived from that stop constitutes fruit of the poisonous tree and should have been suppressed.

Because Lowery did not challenge the validity of the stop in the district court, this court reviews the issue only for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Under the plain error standard, Lowery must show: (1) there was

error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

Although Lowery has standing to challenge the stop, United States v. Rusher, 966 F.2d 868, 874 n.4 (4th Cir. 1992), we nonetheless reject Lowery's argument on the merits. The police officer who initiated the traffic stop had probable cause to believe the vehicle's driver had violated various traffic laws. See United States v. Whren, 517 U.S. 806, 809-10 (1996) (noting probable cause undisputed where officer witnessed traffic violation). Accordingly, the stop was well-within the bounds of the Fourth Amendment. United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993) ("[W]hen an officer observes a traffic offense or other unlawful conduct, he or she is justified in stopping the vehicle under the Fourth Amendment.").

For the foregoing reasons, we affirm Lowery's convictions. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
